# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-0066V
(not to be published)

| | |
|---|---|
| DONALD NEARING,<br><br>　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: January 29, 2020<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Brian L. Burchett*, Burchett Law Firm, San Diego, CA, for Petitioner.

*Robert Paul Coleman, III*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS**[1]

On January 12, 2018, Donald Nearing ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered Shoulder Injury Related to Vaccine Administration (SIRVA). (Petition at 1). On October 4, 2019, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 38).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated November 8, 2019, (ECF No. 43) requesting a total award of $16,849.47 (representing $12,150.84 in fees and $4,698.63 in costs). In accordance with General Order #9, Petitioner filed a signed statement stating he has incurred no out-of-pocket expenses. (ECF No. 42). Respondent reacted to the motion on November 21, 2019 indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 44). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Id.* at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S., at 434.

### A. Hourly Rates

Petitioner requests compensation for his attorney, Brian L. Burchett, at the rate of $350 per hour for all time billed between 2017 – 2019. (ECF No. 43-1 at 2). Mr. Burchett has been a licensed attorney in multiple states since 1981. (*Id.* at 1). The requested rate is within the experience range on the OSM Attorney's Forum Hourly Rate Schedule.[3] The requested rate is reasonable and is award it herein.

### B. Paralegal Tasks at Attorney Rates

Upon review of the billing records I find it necessary to reduce Mr. Burchett's rate associated with work billed to tasks considered paralegal. Attorneys may be compensated for paralegal-level work, but only at a rate that is comparable to what would be paid for a paralegal. *See, e.g. Doe/11 v. Sec'y of Health & Human Servs.*, No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)); *Mostovoy v. Sec'y of Health & Human Servs.*, No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016); *Riggins. v. Sec'y of Health & Human Servs.*, 99-382V, 2009 WL 3319818, at *20-21 (Fed. Cl. Spec. Mstr. June 15, 2009); *Turpin v. Sec'y of Health & Human Servs.*, No. 99-535, 2008 WL 5747914, at *5-7 (Fed. Cl. Spec. Mstr. Dec. 23, 2008). Mr. Burchett billed 10.72 hours on tasks that are more properly characterized as paralegal in nature, including requesting medical records, downloading documents, finalizing and filing documents. Examples of these entries include:

- January 12, 2018 (2.25 hrs) "Finalized petition, prepared Civil Case Cover Sheet, Exhibit List, Statement of Completion, prepared exhibits for filing. Filed Petitioner and supporting doc's. Served HHS."
- March 7, 2019 (0.60 hrs) "Checked status of medical records requests. E-mail from copy service. Downloaded Scripps Costal updated records."
- April 4, 2019 (1.33 hrs) "Checked copy service website for status on Ortho Spec's records. Prepared Ex 9, Scripps Costal update. Prepared Amended Ex List, Amd Statement of Completion and Status report. Filed documents."
- October 21, 2019 (0.20 hrs) "Received signed Gen Ord 9 Statement from Client. Filed with court."

---

[3] The forum rates in the Vaccine Program are derived from the OSM Attorney's Forum Hourly Rate Schedules for years 2015 - 2019 available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

(ECF No. 43 -1 at 10-12)[4]

For these reasons, I reduce Mr. Burchett's rate to $140 per hour, a rate comparable to that of a paralegal. This reduces the request for attorney fees in the amount of **$2,251.20**.[5]

## ATTORNEY COSTS

Petitioner requests $4,698.63 in overall costs.  (ECF No. 43 at 1). This amount is comprised of obtaining medical records, expert costs and postage. I have reviewed all of the requested costs and find them to be reasonable and award the amount in full. In addition, I award Mr. Burchett the amount of $400.00 for reimbursement of the filing fee for the Petition.[6] The total amount of costs awarded to Mr. Burchett is $5,098.63.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e).  Accordingly, I  hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$14,998.27** (representing $9,899.64 in fees and $5,098.63 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

                                          **s/Brian H. Corcoran**
                                          Brian H. Corcoran
                                          Chief Special Master

---

[4] These are merely examples and not an exhaustive list.

[5] $334.56 - $140 = $194.56 * 10 hrs = $1,945.60.

[6] Mr. Burchett did not request reimbursement of the filing fee, however the Court charges $400.00 for the filing of a petition in the Vaccine Program.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.